IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY ROBERT PETTY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING COMPETENCY OF DEFENDANT<br><br><br><br>Case No. 2:08-CR-819 TS |

This matter is before the Court for a determination of Defendant's competency to stand trial. For the reasons discussed below, the Court finds Defendant to be competent.

I. BACKGROUND

Defendant was initially indicted on December 10, 2008, on one count of bank robbery. On May 17, 2010, Defendant submitted a Motion for Competency and Sanity Evaluation. The Court granted that Motion and Defendant was sent to the Metropolitan Detention Center in Los Angeles, California, to determine whether he is competent to stand trial and whether he was sane at the time of the offense.

1

Defendant was evaluated at the Metropolitan Detention Center by Rushton A. Backer, Licensed Clinical Psychologist. Mr. Backer prepared an evaluation regarding competency to stand trial and an addendum report regarding responsibility. Mr. Backer ultimately concluded that Defendant does not suffer from a serious mental illness or defect which interferes with his present ability to understand the nature and consequences of the court proceedings or properly assist counsel in his defense. In the addendum report, Mr. Backer concluded that there was no objective evidence to suggest that, at the time he committed the instant offense, Defendant was suffering from a severe mental disease or defect that interfered with his ability to appreciate the nature, quality, or wrongfulness of his actions.

This matter came before the Court for a competency hearing on January 5, 2011. At the competency hearing, the Court was able to question and observe Defendant, who did not contest his competency. Upon questioning, Defendant was able to correctly identify the purpose of the hearing. Defendant also understood the nature of the charges against him, his right to proceed to trial, the nature of a trial, as well as the respective roles of those involved in a trial.

## II. DISCUSSION

18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)." Under § 4247(d), the Court must hold a hearing and Defendant must have an opportunity to testify, to present evidence, to subpoena witnesses on his

behalf, and to confront and cross-examine any witnesses who appear at the hearing.[1] The Court shall determine if Defendant is competent by a preponderance of evidence.[2]

"[T]he test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"[3] "When assessing a defendant's competence, 'the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'"[4]

Having reviewed the report of Mr. Backer, questioned and observed Defendant, and for the reasons stated at the hearing, the Court finds that Defendant is competent to stand trial at this time. The Court finds that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. The Court excludes the time from filing the Motion for Competency and Sanity Evaluation to the date of this Order under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(A).

---

[1] 18 U.S.C. § 4247(d).

[2] *Id*. § 4241(d).

[3] *United States v. Mackovich*, 209 F.3d 1227, 1231-32 (10th Cir. 2000) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

[4] *Id*. at 1232 (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)).

## III. CONCLUSION

Based on the above, the Court finds that Defendant is competent to stand trial at this time. The Court excludes the time from filing the Motion for Competency and Sanity Evaluation, May 17, 2010, to the date of this Order, pursuant to 18 U.S.C. § 3161(h)(1)(A).

DATED   January 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge